MAGGIE BAILEY, Respondent, v. JOHN W. BAILEY, Appellant.

Kansas City Court of Appeals, November 15, 1909.

1. **REPLEVIN: Evidence.** In an action of replevin it was error to exclude evidence of a mortgage executed, upon the property in controversy, by the defendant in the presence of the plaintiff's husband, through whom she claimed ownership of the property.

2. ———: **Witness.** When one of the parties to the cause of action on trial is dead, one who is not a party to the action nor to the cause of action is a competent witness to the execution of a contract between the deceased and the witness.

Appeal from the Benton County Circuit Court.—*Hon. C. A. Denton,* Judge.

REVERSED AND REMANDED.

*W. S. Jackson* and *Barnett & Barnett* for appellant.

Statements of deceased against his interest, when in the nature of admissions, made in connection with and explanation of, acts of the deceased, are competent evidence. Stewart v. Glenn, 58 Mo. 481; Winn v. Corey, 48 Mo. 346; Obuchon v. Boyd, 92 Mo. App. 416; Bank v. Ragsdale, 171 Mo. 168; Klofer v. Levi, 33 Mo. App.

322; Martin v. Jones, 59 Mo. 181; Looker v. Davis, 47 Mo. 140; Emmerson v. Piron, 151 Mo. 107. Where a party stands by and sees his own property sold or mortgaged and makes no objection thereto, he is estopped thereafter from claiming the property against the party who relied upon his statements or his silence. If he who will not speak when he should, he will not be allowed to speak when he would. Pelkington v. Insurance Co., 55 Mo. 172; Pointer v. Richey, 43 Mo. App. 111; Alleman v. Manning, 44 Mo. App. 4; Tarky v. Pettis, 5 Mo. App. 262; State ex rel. v. Staed, 65 Mo. App. 487; Kealing v. Korlage, 88 Mo. 524; Riley v. Insurance Co., 117 Mo. App. 235. And if Fred Bailey and the plaintiff claiming under him are estopped to deny the title of the bank under this mortgage, then we have shown an an outstanding title in the bank, which will defeat the plaintiff's right to recovery. Stern v. Mason, 16 Mo. App. 473; Young v. Glasscock, 79 Mo. 574; Gottschalk v. Klinger, 33 Mo. App. 415; Prosser v. Woodward, 21 Wend. 209. But if the evidence as to what occurred when the second mortgage was given in the presence of Fred Bailey, is not admissible for the purpose of showing an outstanding title in the bank, yet, it is clearly admissible to show that Fred Bailey was not claiming the filly in question.

*William Harriman* and *H. P. Lay,* for respondent, filed no brief.

BROADDUS, P. J.—This is a suit in replevin brought by respondent against the appellant, before a justice of the peace, to recover the possession of a two-year-old filly. On trial *de novo* in the circuit court the verdict and judgment were for plaintiff and defendant appealed.

The respondent is the widow of one Fred W. Bailey, deceased, son of the appellant. The widow claims that the filly in controversy belonged to her deceased hus-

band Fred Bailey at the time of his death, and her claim of ownership is through him. An order of the probate court was introduced in evidence showing administration on the estate of Fred Bailey was dispensed with and the widow was authorized to receive and collect the money and assets of the estate belonging to her deceased husband and it is claimed that the filly in question was a part of the assets of his estate.

There was evidence on part of plaintiff showing declarations on the part of defendant to the effect that he spoke of the filly as belonging to his son Fred. On the other hand there was evidence tending to show that Fred recognized the filly as the property of his father.

The defendant offered in evidence and the court excluded the following: That on the 27th day of December, 1906, appellant and his son Fred made a mortgage to the Citizens National Bank of Fairfield jointly mortgaging the said filly with other personal property. That in March, 1907, Fred intending to go west, wanted $100 to go on; but as there was no other property on which to raise money it was agreed between them and Hudson, the cashier of the bank, that he would take a mortgage to secure payment of $100 on the property already mortgaged leaving out a span of black horses, with the agreement that the Baileys should sell the span and with the proceeds pay off the first mortgage; and that Hudson was offered as a witness to prove the agreement and that it was carried out, and that the first mortgage was paid off. As the second mortgage was said to be lost or destroyed, defendant offered to prove by witness Hudson that the mortgage was executed by defendant alone and that Fred was present at the time, and knew what occurred. A third mortgage executed by defendant on the filly purporting to be a renewal of the second was also offered.

The court committed error in rejecting the evidence of the first and second mortgages and the evidence of

the witness Hudson. The first it is true does not go far to show who was the owner of the filly, Fred or defendant, but it became important in its connection with the second. If Fred was present when defendant alone executed the second mortgage on the filly and assented thereto, it was evidence of the most persuasive character that the filly was not his property but that of the defendant. It would stand like any other act or declaration of defendant claiming ownership in the property, with the assent and concurrence of Fred. And Hudson was a competent witness to prove what Fred said or did at the time. The fact that the latter is dead did not prevent Hudson's competency as a witness under the statute. The bank of which he was cashier was not a party to the suit or the cause of action. [Southern Commercial Bank v. Slattery, 166 Mo. 620.] The statute has often been construed by the appellate courts of this State and the decisions have not always been in line, yet we do not believe any court has ever held, that one who was neither a party to the suit nor contract or cause in action was incompetent to testify as a witness. At common law the witness was competent.

The third, or renewal mortgage, was properly excluded as it amounted to a mere declaration by defendant of ownership of the property.

For the error noted the cause is reversed and remanded. All concur.